## J. P. LYNCH ET AL. v. T. E. PITTMAN ET AL.

### Decided March 7, 1903.

**1.—Trespass to Try Title—Land Certificate—Identity of Grantee.**

Where a headright issued in 1839 to the heirs of J. A. recited proof by his administrators that he came to Texas prior to 1835, was married and the head of a family, and patent issued therein in 1848 to his heirs, under whom plaintiffs claim, this was sufficient to support if not compel a finding that this was not the J. A. who was the ancestor of defendants, in whose name no claim to the land or the certificate was made until 1900, who did not die until 1857, and as to the date of whose coming to Texas the evidence is uncertain.

**2.—Same—Ancient Instrument—Power Presumed.**

Where a bond for title executed in 1840 recited that the makers purported to act in an administrative capacity, their power to so act will be presumed after so great a lapse of time.

**3.—Same—Deed—Description—Misrecital.**

Where a deed recited that the grantor, who is shown to have had title to a J. A. league survey in B. County, thereby conveyed an interest in the J. A. one-fourth league survey in B. County, there being no such one-fourth league survey there, this will be held a misrecital, the subsequent conveyances purporting to convey the land as part of the J. A. league survey.

**4.—Same—Proof of Certificate—Presumptions on Appeal.**

It will be presumed on appeal in support of the judgment in plaintiffs' favor that the land in controversy, the J. A. league survey, was located and patented under a certificate making recital of proof by the administrators of J. A., where the record shows that plaintiffs introduced such certificate in evidence without objection, and introduced no other certificate, and their brief recites that they introduced in evidence the original certificate on which the patent issued.

**5.—Same—Cross-Action—Possession—Burden.**

Where plaintiffs sued to remove cloud from title, and defendants presented a cross-plea, in effect an action of trespass to try title, alleging ownership and ouster, the action became in effect one of trespass to try title wherein plaintiffs' long possession under recorded deed, with payment of taxes, entitled them to judgment for the land unless defendants proved a better title.

Appeal from the District Court of Bosque. Tried below before Hon. William Poindexter.

*Robertson & Robertson,* for appellants.

*H. J. Cureton* and *E. R. Pedigo,* for appellees.

CONNER, CHIEF JUSTICE.—As originally instituted, appellees sought to remove cloud from the title to the land described in their petition and of which they were in possession, declaring against the unknown heirs of Jarrett Allen, deceased, and other parties named in their petition. Appellees' petition is excepted to as not in compliance with the requirements of Revised Statutes, article 1504c, but we think it is at least sufficient as an allegation of title under the five and ten years statutes of limitation specifically pleaded by them, and it was alleged that the claim of the unknown heirs of Jarrett Allen was unknown. All parties were cited, but no appearance was made save by appellants, J. P. Lynch and his wife B. A. Lynch, who answered pleading over against appel-

lees in trespass to try title for affirmative relief. Appellants claim by virtue of the right of Mrs. Lynch, whom the proof shows was the sole surviving heir of Jarrett Allen who died in Virginia in 1857. The trial was before the court, which rendered a general judgment for appellees, and J. P. Lynch and B. A. Lynch alone appeal.

Appellees claim through mesne conveyances from and under a bond for title made to James McCown and F. B. Pankey on August 26, 1840, by M. C. McRoy and wife Francis McRoy, obligating the McRoys to have located and when patent was obtained to perfect title in McCown and Pankey to one-half of a certain claim of land for one league granted by the Board of Land Commissioners of Montgomery County in April, 1839, to the estate of Jarrett Allen, deceased. This bond was duly acknowledged and recorded, and recited the grantor as "administrator of the estate of Jarrett Allen, deceased." Patent issued from the State of Texas to the heirs of Jarrett Allen, deceased, for one league of land, including that in controversy, on April 18, 1848.

The evidence further shows that since about August 29, 1887, the appellees and those under whom they claim have had and held under registered deeds actual possession of the land in controversy, paying all taxes thereon. The questions presented, however, that relate to the acknowledgment of one of these deeds, and to the effect of a failure to have one or more promptly registered, will not be noticed, inasmuch as we think if it be conceded that appellees, by reason thereof, and of Mrs. Lynch's coverture, failed in the proof of title in them by limitation as pleaded, the judgment nevertheless must be sustained upon another ground.

Appellees were by no means mere trespassers, and the recitals in the certificate and in the patent of the prior death of the Jarrett Allen in whose right and to whose heirs such certificate and patent issued tended to show, if they did not require, the finding that the Jarrett Allen under whom appellants claim was not the Jarrett Allen in whose right the land was granted. As finally resolved under appellants' cross-action, the suit as between appellants and appellees was one in trespass to try title in which appellees at least proved long continued possession, payment of taxes and assertion of title under a deed or deeds registered in the county where the land in controversy was situated. This clearly called for proof of better right in appellants, and in recognition of such necessity they offered the testimony of C. C. Collins, who testified that he knew a Jarrett Allen in Harrison County, Texas, in 1854; that he was married, and that he died in Virginia in 1857. Also that J. P. Lynch, who testified to the same effect from family reputation, both witnesses tracing the heirship of Mrs. Lynch to this Jarrett Allen. Neither of the witnesses, however, was able to say when or under what circumstances the Jarrett Allen of whom they testified came to Texas, or that he was ever in Montgomery County. It nowhere appears that the Harrison County Allen or any one in his name ever asserted claim to the certificate or patent or land in controversy until appellants an-

swered in this case. We hence conclude that the evidence as a whole at least raised the issue of identity, and is sufficient to support, if not compel, a finding against appellants on this issue. Graham v. Billings, 51 S. W. Rep., 645; Dick v. Malone, 24 Texas Civ. App., 97, 58 S. W. Rep., 168; Malone v. Dick, 94 Texas, 419.

The judgment being supported on the issue indicated, assignments of error relating to others become immaterial.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

Counsel for appellants very earnestly insist that we were in error in stating that "appellees claim through mesne conveyances from and under a bond for title made to James McCown and F. B. Pankey on August 26, 1840, by M. C. McRoy and wife Francis McRoy." We have again carefully considered the evidence, and the conclusion quoted has in our minds been verified. The record discloses no affirmative power in M. C. McRoy and Francis McRoy to convey any interest in the Jarrett Allen headright certificate; the recitals of the bond, however, authorize the inference that they purported to act in an administrative capacity, and the power may well be presumed after this long lapse of time. From the McRoys we find that F. B. Pankey, one of the beneficiaries in their bond for title, by deed acknowledged May 29, 1851, conveyed to Alexander McCown all interest in the Jarrett Allen league in Bosque County acquired by him, as the deed recites, by virtue of the McRoy bond for title. It is true that this deed recites that the interest conveyed is an interest in "a certain one-fourth of a league, part of the headright of Jarrett Allen, located and surveyed by virtue of his headright," but the recitals of the deed as a whole clearly show that its purpose was to convey the one-fourth acquired by virtue of the bond of the McRoys conveying or agreeing to convey to J. B. Pankey and James McCown one-half of the league. On October 16, 1871, William McRoy conveys to D. C. McCown all interest he had in an undivided interest of one-half league in Bosque County known as the Jarrett Allen headright league, thus vesting in James McCown, Alexander McCown and D. C. McCown all right in said one-half league acquired under the McRoy bond for title, and whatever interest William McRoy had therein. N. R. Morgan testified in substance that his mother, E. M. F. Morgan, was a daughter of James McCown and niece of Alexander McCown; that Alexander McCown died without issue in the 60's, leaving as his sole surviving heir his brother, the said James McCown; that D. C. McCown and E. M. F. Morgan were both children of said James McCown; that there was a verbal partition of the estate of James McCown in 1872 among his children, and that E. M. F. Morgan received the Jarrett Allen league as her distributive share of her estate, and that the deed in the name of D. C. McCown was so taken for convenience, but that it was in fact in trust for his sister, E. M. F. Morgan, and that the

McCown heirs have always recognized and acquiesced in Mrs. Morgan's claim to said Jarrett Allen league as her part in said partition. The record further shows that E. M. F. Morgan, on January 9, 1885, re-deemed from State tax sale 3121 acres of the Jarrett Allen survey in Bosque County, and on July 7, 1884, she, joined by her husband, by special warranty deed conveyed to their son N. R. Morgan all interest she had "in the Jarrett Allen one-third league survey in Bosque County, Texas, describing it by metes and bounds." There is no evidence indicating that in addition to the league survey, a part of which is in controversy in this suit, there was in Bosque County a Jarrett Allen one-third league survey, and we conclude that the recital quoted was a mere mis-recital, and that the conveyance to N. R. Morgan related to the partic-ular league survey a part of which is in controversy, it being undoubtedly true that all subsequent conveyances related to and purported to con-vey the land in controversy as a part of the Jarrett Allen headright league survey. August 7th, N. R. Morgan conveyed to J. W. Gray the particular fifty acres of land in controversy, and from this on down to appellees were regular chains of transfer, so that we think it quite clear that appellees claim through and under the McRoy bond for title as originally stated.

It is also insisted vigorously and elaborately that there is no evidence in the record that the land in controversy was located and patented by virtue of the certificate, to the recitals of which we gave effect in our original opinion, but in this also we think appellants are in error. It was stated in appellee's brief, page 25, that appellees introduced in evi-dence "the original certificate upon which the patent was issued," and a critical re-examination of the record, however, we think sustains this statement. The record discloses that appellees introduced in evidence but one certificate for land. That was headright certificate No. 103, issued by the Board of Land Commissioners of Montgomery County, on May 28, 1839, reciting that M. C. McRoy and Francis McRoy, adminis-trator and administratrix of the estate of Jarrett Allen, deceased, hav-ing made proof before said board that the said Jarrett Allen, deceased, was the head of the family and an emigrant to Texas before the declara-tion of independence, May 21, 1835, was a married man and entitled to a league of land. The certificate was not objected to as irrelevant, and the conclusion is irresistible that it was this certificate by virtue of which the McRoys presumed to convey or agree to convey, and by virtue of which the land in controversy was thereafter located and patented, and under which the McCowns and others claiming under the McRoy bond for title, asserted and exercised acts of ownership over the land in con-troversy. Under the circumstances shown, and after judgment and in aid thereof, it certainly seems to us that we should adhere to the con-clusion originally expressed relating to said certificate and patent, not-withstanding the fact that direct proof was not made that the Jarrett Allen league in Bosque County was located and surveyed by virtue of said certificate 103.

Concluding as we do that the recitals show that the Jarrett Allen in whose right it was issued was in fact dead at the time of its issuance, and that it was issued to the legal representatives of his estate in May, 1839, and it being undisputed that the Jarrett Allen under whom appellants claim did not die until the year 1857, we think it affirmatively appears that appellants had no right or interest in the land in controversy. It is true, as insisted, that one of appellants' witnesses testified that the Jarrett Allen under whom appellants claim came to Texas in an early day, and that the other one testified that he came to Texas prior to the year 1840; this, however, is not equivalent to proof that he was the head of a family and an emigrant to Texas at or prior to the declaration of independence.

It is likewise vigorously insisted that we should have considered and disposed of the questions presented that relate to the sufficiency of appellees' pleadings, and of the acknowledgment of one of the deeds under which they claim, and that relate to the effect of a failure to have said deeds promptly registered. A painstaking examination of the record convinces us that the able counsel for appellant are also mistaken in these contentions.

In addition to the plea of not guilty and of the coverture of Mrs. B. A. Lynch, appellants also presented a cross-plea, in substance a petition in trespass to try title, alleging ownership of the land in controversy and ouster therefrom on November 28, 1900. The judgment is in favor of appellees against the unknown heirs of Jarrett Allen, deceased, M. C. McRoy, Francis McRoy, James McCown, F. B. Pankey, Francis Allen, J. P. Lynch and B. A. Lynch, establishing appellees' title and removing cloud therefrom, and also adjudging in separate and distinct sentence that appellants take nothing by virtue of their said cross-plea, and that as to this appellees go hence without day and recover their costs, etc., to which ruling J. P. and A. B. Lynch except and give notice of appeal. The evidence related materially to the issue of identity. So that we think it appears, not only that the evidence is insufficient to authorize us to set aside the trial court's judgment to the effect that the appellants failed to connect themselves as owners of the certificate by virtue of which the land in controversy was located, but also that as finally resolved the case was one in trespass to try title upon the cross-action of appellants in which they were clearly in the attitude of plaintiffs and resting under the necessity of relying alone upon the strength of their own title. Appellants being without title, as we must hold, the questions relating alone to appellees' title and to the relief granted them by the court is entirely immaterial as held by us.

Other explanations of the evidence might also perhaps be properly stated in deference to the earnest motion, but we think after a careful re-examination and consideration that the motion should be overruled, and it is so ordered.

*Overruled.*

Writ of error refused.